**UNITED PAPERWORKERS INTERNATIONAL UNION, LOCAL 1279, Plaintiff,**

v.

**WISCONSIN TISSUE MILLS, INC., Defendant.**

**Civ. A. No. 91–C–260.**

United States District Court, E.D. Wisconsin.

March 13, 1993.

John S. Williamson, Jr., Appleton, WI, for plaintiff.

Laurence Gooding, Jr., Donald L. Schriefer, Quarles & Brady, Milwaukee, WI, A.W. VanderMeer, Jr., Sharon S. Goodwyn, Hunton & Williams, Norfolk, VA, for defendant.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

In this action, filed March 19, 1991, plaintiff United Paperworkers International Union, Local 1279, ("Local 1279") seeks to compel defendant Wisconsin Tissue Mills, Inc., ("Tissue Mills") to submit a dispute to arbitration, as required by the parties' collective-bargaining agreement. On May 16, 1991, Local 1279 filed a motion for summary judgment and a motion for attorney fees. Tissue Mills filed a cross-motion for summary judgment and a motion for attorney fees on May 31, 1991. For reasons stated below, summary judgment is granted for Local 1279, and both motions for attorney fees are denied.

This action is brought pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("§ 301").

## FACTS

On February 12, 1990, Local 1279 president Michael Paul ("Paul") filed a grievance on behalf of himself and Local 1279 claiming that Tissue Mills violated its collective-bargaining agreement by unilaterally designating certain areas in the Tissue Mills plant as no-smoking areas. A "second-stage" meeting concerning the grievance was held on March 8, 1990, between Paul and a Tissue Mills representative. Under the collective-bargaining agreement, if Tissue Mills failed to respond in writing to the grievance within three days of the second-stage meeting, the grievance would be considered settled in favor of Local 1279. Local 1279 claims that Tissue Mills did not deny the grievance until March 16, 1990, five days after the response deadline. Tissue Mills, however, says it denied the grievance during the March 8 meeting.

If Tissue Mills is correct, then Local 1279 was required to submit, within three days of Tissue Mills' response, a request that the grievance be forwarded to stage three of the grievance procedure. Local 1279 insists, however, that it was not required to file such a request, since Tissue Mills failed to file a timely response after the second-stage meeting. On February 28, 1991, Paul asked that Tissue Mills take certain preliminary steps necessary for arbitration of the grievance. Tissue Mills refused to do so, contending that the union's failure to process the grievance through stages three and four of the grievance procedure rendered the grievance not arbitrable.

It is agreed, however, that the subject matter of the grievance—Tissue Mills' smoking policy—is subject to arbitration.

## ANALYSIS

Tissue Mills contends arbitration is not appropriate since Local 1279 did not exhaust internal grievance procedures before requesting arbitration. Local 1279 disagrees, claiming it went as far as it had to go with

the internal procedures and that, at any rate, the procedural dispute is for the arbitrator, not the court, to decide.

The parties' positions reflect different lines of precedent. On the one hand, there is the rule that once the subject matter of a dispute is determined to be subject to arbitration, any procedural questions related to the dispute, such as exhaustion of internal procedures or untimeliness, are for the arbitrator to decide. *John Wiley & Sons v. Livingston*, 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964); *Niro v. Fearn Int'l, Inc.*, 827 F.2d 173, 176 (7th Cir.1987). On the other hand, there is the equally straightforward principle that "exhaustion of available contractual remedies usually is a precondition to suit under § 301." *Bailey v. Bicknell Minerals, Inc.*, 819 F.2d 690, 691–92 (7th Cir.1987) (citing cases). At one level, these rules seem in conflict: the first indicates that the parties' procedural dispute should go to arbitration along with the underlying substantive dispute, but the second rule suggests that the court must itself decide the procedural dispute, for only then can it determine whether the underlying dispute is ripe for arbitration.

■ In application, however, the two rules are quite complimentary, each tending to promote the use of arbitration. The rule requiring that ancillary procedural disputes be submitted to arbitration is applied where, as in the instant case, a union sues to compel arbitration and the employer resists on the ground that the union has failed to conform to pre-arbitration procedures. *See, e.g., John Wiley*, 376 U.S. at 544, 84 S.Ct. at 911–12. By contrast, the rule requiring exhaustion of contractual remedies is applied where an employee sues the employer for violating a substantive provision of the collective-bargaining agreement, such as one prohibiting termination without just cause, and the employer defends on the ground that the employee should have pursued arbitration before suing in court. *See, e.g., Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 556, 96 S.Ct. 1048, 1052, 47 L.Ed.2d 231 (1976).

■ Thus, the first rule fosters arbitration by foreclosing a procedural defense in a suit to compel arbitration, and the second by creating a defense to a suit that would otherwise require the court to interpret substantive collective-bargaining provisions, thereby usurping the arbitrator's role. Viewed this way, the rules are readily synthesized: a court will seek to enforce an arbitration provision before it enforces any other collective-bargaining provision, substantive or procedural. This approach is well warranted, if not required, by the federal policy favoring arbitration. *See Hines*, 424 U.S. at 562–63, 96 S.Ct. at 1055–56.

In the instant case, therefore, the court will enforce the arbitration clause found at Article 33 of the parties' collective-bargaining agreement, rather than the clause concerning prearbitration procedures, found at Article 32. The fact and effect of any noncompliance with such procedures is for the arbitrator to decide.

Although the court has declined to accept Tissue Mills' position in this case, that position does not reveal the absence of good faith that would justify an award of sanctions under Rule 11.

IT IS THEREFORE ORDERED that the summary judgment motion filed by plaintiff Local 1279 on May 16, 1991, is GRANTED.

IT IS FURTHER ORDERED that defendant Tissue Mills shall submit to arbitration the grievance concerning its smoking policy.

IT IS FURTHER ORDERED that the motion for attorney fees filed by plaintiff Local 1279 on May 16, 1991, is DENIED.

IT IS FURTHER ORDERED that the motions for summary judgment and for attorney fees filed by defendant Tissue Mills on May 31, 1991, are DENIED.